FREDERICK J. BRACE *v.* JOHN RASHAW ET AL.

November Term, 1945.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed January 8, 1946.

*P. C. Warner* for the defendants.

*P. L. Shangraw* and *Sylvester & Ready* for the plaintiff.

JEFFORDS, J. This is an action based on the claimed illegal employment of the plaintiff by the defendants in their laundry business. The defendants demurred to the plaintiff's declaration. The demurrer was overruled and the case passed to this Court before final judgment under the provisions of P. L. 2072.

P. L: 6584 sub. sec. III, as amended by No. 176, § 6 of the Acts of 1937, prohibits the employment or allowance of a child under the age of 16 years to operate laundering and other specified machinery. Exceptions to this restriction, not here material, are set forth in P. L. 6585.

It is alleged that the defendants employed the plaintiff, a minor of the age of 14, to work in their laundry. There were several grounds set forth in the demurrer but the only one here argued raises the question, as stated in the defendant's brief, of whether the allegations in the declaration show an employment of the plaintiff in violation of the statute "so that he may proceed in this form of action rather than under the Workmen's Compensation Act."

The defendants contend that the only allegation in the declara-

tion setting forth any act having to do with the operation of laundry machinery is the one which reads as follows: "And said defendant, John Rashaw, did then and there instruct the plaintiff's said ward to operate and work in, on and about said laundry machinery, namely a dryer and/or extractor, and did then and there instruct him to remove from said dryer and/or extractor certain clothes which had been placed therein for the purpose of drying." The defendants say that the only reasonable construction to be given the above allegation is that the plaintiff relies only upon the removal of the clothes from the dryer as constituting an act of operation of the machine. Thus they say that the question finally resolves itself "into whether or not the removing of clothing from the dryer is 'operating' laundry machinery."

In *State* v. *Tacey,* 102 Vt 439, 150 A 68, 68 ALR 1353, and *State* v. *Lansing,* 108 Vt 218, 184 A 692, we had occasion to consider the meaning of the word "operate" as used in various sections of our statutory motor vehicle law. In each of these cases it was held that the acts in question came within the meaning of "operate" as used in the respective statutes. In the Tacey case in referring to various general definitions given for "operate" it is said in 102 Vt 441, 150 A at page 69: "According to Webster's International Dictionary this word means: 'To put into, or to continue in, operation or activity; to manage; to conduct; to carry out or through; to work; as to operate a machine.'" In *Gallenkamp* v. *Garvin Machine Co.,* 86 NYS 378, 384, 179 NY 588, 589, 72 NE 1142, 99 NE 718, it is stated that operating a machine is "to work the machine, or in other words to regulate and control its management."

The defendants contend that the mere removal of an article from a machine is not an operation thereof within the meaning of the accepted definitions of "operate" as applied to machinery.

██ Pleadings are to be given a reasonable construction. *Trask* v. *Karrick,* 87 Vt 451, 452, 89 A 472. If, under this rule, the allegation in question were to be given the construction here claimed for it by the defendants there might be considerable merit in their above stated contention. However, it is not necessary to pass upon that question as we do not believe that the allegation is reasonably to be given such a construction. It seems to us that their construction is too narrow and restricted. In our opinion

it may reasonably be said it is alleged that the plaintiff was instructed to operate the dryer, within the meaning of the above definitions of that word, and, as a part of, or incidental to, the operation, he was specifically told to remove from it certain clothes which had been placed therein.

It should be noted, as bearing on our construction of the allegation, that in other places in the declaration the word "operate" is used in connection with the alleged employment of the plaintiff. It should also be so noted that although there is no allegation as to whether or not the movable parts of the dryer were in motion at the time the injuries complained of were received, these injuries, as alleged, were very extensive and severe.

*The judgment overruling the demurrer is affirmed and cause remanded.*